```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
CENTURY SURETY COMPANY,                             :
                                                    :
                              Plaintiff,            :       17-CV-633 (JMF)
                                                    :
            -v-                                     :
                                                    :
RUKH ENTERPRISES, INC. et al.,                      :
                                                    :
                              Defendants.           :
                                                    :
------------------------------------------------------------------------X
                                                    :
ADMIRAL INSURANCE COMPANY,                          :
                                                    :
                              Plaintiff,            :       17-CV-2418 (JMF)
                                                    :
            -v-                                     :
                                                    :
CENTURY SURETY COMPANY,                             :       MEMORANDUM OPINION
                                                    :          AND ORDER
                              Defendant.            :
                                                    :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

The dispute in these actions concerns insurance coverage for a personal injury lawsuit now pending in New York State Supreme Court (the "Underlying Action"). *See* Docket No. 1 ("Compl."), at 7; Docket No. 70 ("Rule 56.1 Counter-Statement"), at 9 & ¶ 44.[1] At some point prior to September 2013, Defendant Long Island Railroad ("LIRR") hired Defendant Rukh Enterprises, Inc. ("Rukh") to complete a construction project. *See* Rule 56.1 Counter-Statement 9. Rukh was required by contract to procure insurance covering the project, *see* Docket No. 68-13 ("LIRR Contract"), at 177-78, and purchased two policies: a primary policy from non-party Arch Specialty Insurance Co. ("Arch"), and an excess policy from Plaintiff Century Surety Company

---

[1] Unless otherwise noted, all docket references are to 17-CV-633.

("Century Surety"). *See id.*; Docket No. 17-1, at 2. Rukh then entered into an agreement with Defendant East Coast Painting ("East Coast") to complete, among other things, certain lead-related portions of its work. *See* Rule 56.1 Counter Statement 9-10. On September 13, 2013, an East Coast employee was injured on the job; he then brought the Underlying Action against Rukh, LIRR, and the Metropolitan Transit Authority ("MTA"). Compl. ¶ 8. Thereafter, Century Surety and LIRR's insurer, Admiral Insurance Company ("Admiral"), brought these actions seeking a determination of Century Surety's obligations with regard to the Underlying Action. *See* Compl. at 7; *see generally* Docket No. 17-1. Century Surety and the other parties (for convenience, "Defendants") now cross-move for summary judgment.

The principal dispute among the parties is whether an "independent contractor" exclusion in the Century Surety policy applies. *See* Docket No. 64 ("Century Surety Motion") at 6-12; Docket No. 69 ("Defs' Cross-Motion") at 11-20. Relying on *Century Sur. Co. v. Franchise Contractors, LLC*, No. 14-CV-277 (NRB), 2016 WL 1030134 (S.D.N.Y. Mar. 10, 2016), and *United Specialty Ins. Co. v. CDC Housing, Inc.*, 233 F. Supp. 3d 408 (S.D.N.Y. 2017), Century Surety makes a forceful case that the exclusion does apply. *See* Century Surety Motion 8-12. But, upon review of the parties' submissions, the Court concludes that there are genuine disputes of material fact that preclude summary judgment for either side on the issue. It is well established "that the determination of whether someone is an independent contractor is a fact-specific question." *Carlson v. Am. Int'l Grp., Inc.*, 89 N.E.3d 490, 497 (N.Y. 2017); *see also, e.g.*, *O'Brien v. Spitzer*, 851 N.E.2d 1195, 1196 (N.Y. 2006) (noting that "it is often not easy to apply" the definition of "independent contractor" under New York law "to specific facts"). And here, while most facts in the record point to the conclusion that the injured worker was indeed an "independent contractor" within the meaning of the Century Surety policy, there are facts (and inferences that could be drawn from those facts) that would support a contrary conclusion. *See* Defs' Cross-Motion 6-9, 16-17; *see*

2

*also, e.g.*, *Century Sur. Co. v. All-In-One Roofing, LLC,* 154 A.D.3d 803, 807-08 (N.Y. App. Div. 2017) (affirming a special verdict finding, based on the totality of the evidence at trial, that a roofer did not qualify as an independent contractor where several "aspects of the job . . . were not under [his] control"). Accordingly, the parties' cross-motions for summary judgment on that issue are both denied.

By contrast, Century Surety is granted summary judgment with respect to the second issue briefed by the parties: whether the Century Surety policy qualifies as a "true excess" policy that may not be invoked until all primary insurance policies, including the relevant Admiral policy, are exhausted. The Century Surety policy is identified as a "COMMERCIAL EXCESS LIABILITY POLICY" and lists only the primary insurer — Arch — as the controlling underlying insurance-holder. Docket No. 68-5 ("Century Surety Policy"), at 4. Additionally, the policy unambiguously provides that it is "excess over, and shall not contribute with *any of the other insurance*, whether primary, excess, contingent or on any other basis," and shall bind Century Surety to "pay only [its] share of the 'ultimate net loss' that exceeds the sum of: [t]he total amount that all such other insurance would pay for the loss in the absence of the insurance provided under this Coverage Part; and [t]he total of all deductible and self-insured amounts under all that other insurance." Century Surety Policy at 9-10, 12-13 (emphasis added). In a separate endorsement, "other insurance" is modified to clarify that the policy is "excess over any other [i]nsurance[,] whether the other [i]nsurance is stated to be primary, pro rata, contributory, excess, contingent, umbrella, or on any other basis." Century Surety Policy 26. There is no mention of the Admiral policy, much less a statement or endorsement that the Century Surety policy will apply on a primary basis with respect to any policies that were available to LIRR.

These policy provisions "make it plain that the [Century Surety] policy. . . was intended to be true excess insurance." *Bovis Lend Lease LMB, Inc. v. Great Am. Ins. Co.*, 53 A.D.3d 140, 155

3

(N.Y. App. Div. 2008). Indeed, it should be clear that the Century Surety policy is not "an insurance policy which *purports* to be excess coverage but contemplates contribution with other excess policies or does not by the language used negate that possibility" (which, under New York law, would then require Century Surety to "contribute ratably with a similar policy"). *State Farm Fire & Cas. Co. v. LiMauro*, 482 N.E.2d 13, 18 (N.Y. 1985) (emphasis added). Nor is it a policy whose excess coverage clause is cancelled out by a competing clause that would subject an insurance-holder to unexpected non-coverage, as the Arch policy is excess over only *other* primary policies and certain inapplicable, enumerated exceptions. *See* Docket No. 68-6, at 42; *see also Hartford Underwriters Ins. Co. v. Hanover Ins. Co.*, 122 F. Supp. 3d 143, 149, 151-52 (S.D.N.Y. 2015) (holding that dueling insurance policies each purporting to be excess to the other must cancel each other out, as giving effect to both "would result in the paradoxical circumstance of leaving the insured 'with no coverage at all'" (quoting *LiMauro*, 482 N.E.2d at 13)), *aff'd*, 653 F. App'x 66 (2d Cir. 2016).[2] Instead, the Century Surety policy is "a policy which expressly negates contribution with other carriers, or otherwise manifests that it is intended to be excess over other excess policies." *LiMauro,* 482 N.E.2d at 18*.*

*Indemnity Insurance Co. of North America v. St. Paul Mercury Ins. Co.*, 74 A.D.3d 21 (N.Y. App. Div. 2010), the one case cited by Admiral and company, *see* Defs' Cross-Motion 21-22, does not call for a different conclusion. In that case, the First Department found priority of coverage "irrelevant" where a subcontractor's insurer "unconditionally and without reservation agreed to defend and indemnify" the contract holder — illustrated in part by the fact that it had, on its own, negotiated an overarching settlement in the underlying personal injury action. *Id.* at 26. Here, of course, Century Surety never agreed to defend or indemnify LIRR, nor to treat its policy as primary

---

[2] Additionally, as Defendants concede, Arch has accepted coverage pursuant to its policy. Defs' Cross-Motion 21.

4

to any insurance that LIRR might obtain. For present purposes, it makes no difference to the analysis that Rukh agreed by contract to procure insurance that would "state or be endorsed to provide that the coverage afforded under the contractor's policies shall apply on a primary and not on an excess or contributing basis with any policies which may be available to the LIRR/MTA, and also that the contractor's policies, primary and excess, must be exhausted before implicating any LIRR/MTA policy available." LIRR Contract 177. Rukh may have failed to comply with that contractual obligation, but that does not, and cannot, change the written terms of the Century Surety policy.

For the foregoing reasons, the parties' cross-motions for summary judgment are DENIED, except insofar as Admiral seeks a judgment that its coverage is excess over the insurance provided by Century Surety, as to which Century Surety is GRANTED summary judgment. Pursuant to the Case Management Plan and Scheduling Order, *see* Docket No. 31, the parties' Joint Pretrial Order and related materials are due **thirty days** from the date of this Memorandum Opinion and Order. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks thereafter. And finally, if the parties are interested in a referral to a United States Magistrate Judge for settlement purposes, they shall so advise the Court by joint letter as soon as possible.

The Clerk of Court is directed to terminate 17-CV-633, Docket Nos. 61 and 66.

SO ORDERED.

Dated: January 29, 2019
New York, New York

JESSE M. FURMAN
United States District Judge